**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Nestwell, LLC,<br><br>      Debtor | Chapter 11<br><br>Case No. 25-20403 (JJT) |

**MEMORANDUM OF DECISION AND**
**ORDER GRANTING MOTION TO DISMISS**

On April 25, 2025, the Debtor, Nestwell, LLC, filed for Chapter 11 bankruptcy protection (ECF No. 1). On March 4, 2025, William K. Harrington, the United States Trustee for Region 2 ("U.S. Trustee"), filed a Motion to Dismiss Case for Debtor's Failure to Obtain Disinterested Counsel Representation, Failure to File Required Bankruptcy Documents, and Failure to Provide Proof of Adequate Insurance Coverages ("Motion," ECF No. 2). The U.S. Trustee also filed a Motion to Expedite Hearing regarding the Motion to Dismiss (ECF No. 3). The Court granted the Motion to Expedite Hearing (ECF No. 4). No response or objection to the Motion was filed. A hearing was held on the Motion on May 1, 2025. For the following reasons, the Motion to Dismiss is GRANTED, and a one-year bar to any bankruptcy refiling imposed.

In the Trustee's Motion to Dismiss (ECF No. 2), he asserts that the Debtor has failed to: (i) file an official creditor matrix or list of its twenty (20) largest unsecured creditors as required; (ii) file any bankruptcy schedules or a statement of financial affairs; (iii) indicate that an attorney is representing the Debtor, which

identifies as a corporate entity; (iv) state a purpose for the filing of the bankruptcy case; and (v) state that it has insurance coverage sufficient to protect the assets in its bankruptcy estate and the public, or prove any such coverages.

On May 1, 2025, the U.S. Trustee appeared at a hearing on the Motion, as did counsel for creditor Nextres, LLC. Representatives of the Debtor did not appear, nor did counsel. There, the U.S. Trustee explained that it had reached out to the Debtor's principal, Edwyn Stuart, but had received no reply. The U.S. Trustee also noted that it found it suspicious that the Employer Identification Number used in this bankruptcy filing was also used in a prior bankruptcy filing before the Bankruptcy Court for the Eastern District of New York for a different LLC, also ostensibly controlled by the Debtor's principal.

Counsel for Nextres, LLC asserted that the Debtor filed on the eve of foreclosure and had not alerted Nextres, LLC, the Debtor's counsel, or the foreclosure committee of the filing.

The Court dismissed the case on the record with a year-long bar to refiling, noting a statement of reasons in a written opinion would be forthcoming. This is that statement.

The Court concludes that the Debtor has failed to appropriately proceed in this case as the Bankruptcy Code requires. The U.S. Trustee's aforesaid proffer in that regard is undisputed as the Debtor has failed to rebut any of the U.S. Trustee's assertions – or even to attempt to rebut the U.S. Trustee's assertions. The Debtor has failed to comply with the Bankruptcy Code in multiple regards – it has failed to

provide the requisite documentation, obtain counsel as a corporate entity, or prove that insurance exists to protect the assets of the bankruptcy estate. Finally, the Court observes that the Debtor failed to appear and defend against the U.S. Trustee's Motion at the hearing held on May 1, 2025. The Debtor's compound failures to satisfy all of these aforementioned obligations and to proceed in good faith in this bankruptcy proceeding provides this Court with abundant cause to dismiss this Chapter 13 case with prejudice and to infer its bad faith. Accordingly, the Court shall impose a bar to refiling pursuant to 11 U.S.C. §§ 105(a), 349(a), and 1307(c) in order to prevent further abuse of the bankruptcy process, calculated delays, and frustration of the state court foreclosure. *See In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999).

For the reasons expressed above, the Court GRANTS the Motion to Dismiss with a one-year bar to any bankruptcy refiling based upon the Debtor's egregious noncompliance.

IT IS SO ORDERED at Hartford, Connecticut this 1st day of May 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut